CRUZ, PLAINTIFF AND APPELLEE, *v.* HEIRS OF KUINLAN, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Arecibo in an Action for Nullity of Foreclosure.

No. 2381.—Decided July 23, 1921.

FORECLOSURE—JURISDICTION.—Foreclosure proceedings being within the exclusive jurisdiction of district courts, regardless of the amount in controversy, it is clear that they also have exclusive jurisdiction of actions for the annulment of foreclosure proceedings whatever may be the amount involved in the foreclosure.

ID.—LIMITATION—CONTRACT.—The provision of section 1268 of the Civil Code that an action for nullity of a contract can not be maintained after the expiration of a period of four years is not applicable to an action for the nullity of a contract which is void *per se* because of the absence of some of the requisites prescribed by section 1228 of the said code, and much less to an action for the nullity of a proceeding.

The facts are stated in the opinion.

*Mr. I. Carballeira* for the appellee.

*Mr. L. Méndez Vaz* for the appellants.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action brought in the District Court of Arecibo by Agustín Cruz against the heirs of Gregorio Kuinlan it was

alleged that Kuinlan brought summary foreclosure proceed-
ings under the Mortgage Law and its Regulations in the
Municipal Court of Manatí against this plaintiff, Agustín
Cruz, to collect a mortgage credit of 300 provincial *pesos;*
that in the said proceedings the two mortgaged properties
were sold at public auction by the marshal of that court to
Gregorio Kuinlan in payment of his credit in the year 1910;
that the said sale was recorded in the registry of property,
and that the Municipal Court of Manatí had no jurisdiction
of the said proceedings, which are therefore null and void,
as is also the sale made therein, for all of which he prayed
the district court to adjudge the nullity of the said proceed-
ings and of the sale, and to order the registrar to cancel the
record of the properties made in favor of Gregorio Kuinlan.

The defendants demurred to the complaint on the grounds
that the district court had no jurisdiction of the action and
that the complaint did not state facts sufficient to constitute
a cause of action.

The court below overruled the demurrer and allowed the
defendants time within which to answer, but the defendants
waived this privilege and the court ordered that the said
ruling be entered as a judgment, whereupon the defendants
took the present appeal.

The appellants assigned as the first error that the district
court infringed section 4 of the Act reorganizing the judi-
ciary of Porto Rico, of March 10, 1904, and the judgments
of the Supreme Court in the cases of *Valdivieso* v. *Rivera,*
19 P. R. R. 669, and *Bayron et al.* v. *García et al.,* 17 P. R.
R. 512.

Section 4 of the said Act prescribes that municipal judges
shall have jurisdiction in all civil matters in their district
to the amount of $500, including interest, but this statute has
not been violated in this case because the action being one
for the annulment of foreclosure proceedings brought in the
Municipal Court of Manatí to recover on a mortgage and

the said proceedings being within the exclusive jurisdiction of the district court even if the amount in controversy is less than $500, as we held in the case of *Valdivieso* v. *Rivera, supra,* it is clear that an action for the annulment of such proceedings must necessarily be within the jurisdiction of the corresponding district court, regardless of the amount involved in the proceedings sought to be annulled. So also in the case of *Bayron* v. *García, supra,* where it was sought to annul in the district court a foreclosure proceeding brought in a municipal court to recover $390, we held that the district court had jurisdiction of the action.

The reference just made to the two cases cited by the appellants shows that the rule therein laid down has not been violated.

The second assignment of error refers to a violation of section 1268 of the Civil Code.

This section is included in the chapter of the Code treating of the nullity of contracts and provides that the action of nullity shall last only four years; and relying on it and also on the fact that the sale took place in the year 1910, the appellants allege that the action for the annulment of the sale is barred by limitation because brought after the lapse of four years.

The limitation established in that section, according to the preceding section 1267, refers to contracts containing the requisites prescribed in section 1228, viz., those where there is consent, object and consideration, if they contain any of the defects which invalidate them according to law; but that period of limitation is not applicable to this case because it being alleged that the Municipal Court of Manatí had no jurisdiction of the proceedings wherein the marshal made the sale, the court never had jurisdiction over defendant Agustín Cruz and the sale of his properties was absolutely void for lack of consent, and not merely voidable. Besides, that statute refers to the nullity of contracts and not to actions

for the annulment of proceedings. *Succession of Suro* v. *Succession of Prado et al.,* 21 P. R. R. 227; *Oliver et al.* v. *Oliver,* 23 P. R. R. 168.

For .the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.